## STATE ex VIAN v BRYAN

Ohio Appeals, 9th Dist, Lorain Co

No 885. Decided June 3, 1938

Levin & Levin, Lorain, for plaintiff.
O'Toole & Pincura, Lorain, for defendant.

## OPINION

By DOYLE, J.

An original petition in quo warranto has been filed in this court, in which the plaintiff, State of Ohio, ex rel. Nicholas Vian, prays that the defendant, George Bryan, "be ousted from said office of Sheffield Lake Village councilman and excluded from the further performance of any duties thereof and that relator, Nicholas Vian, be given possession thereof; and for such other orders and relief as may be just and proper in the premises * * .*." Issues have been joined by the answer of the defendant and the reply of plaintiff.

The questions for decision are:

1. Whether Nicholas Vian possessed the statutory qualifications of residence at the time of his election to the office of councilman, and
2. If he did not, whether, under the circumstances, he could be refused further continuance in the duties of the office by the action of the council, and the defendant could be elected to the office by the members of the council.

The relator, Vian, was elected to the village council of Sheffield Lake Village at the general election held in Novem-

ber, 1937, for a term of two years to commence on January 1, 1938. He was issued a certificate of election by the election officials of Lorain county, and on the 3rd day of January, 1938, he was administered the oath of office. The first meeting of the council in January was held on the 4th, and the relator took a seat as one of the members and voted on all official matters presented. He acted likewise at the subsequent sessions of January 6, January 18, and February 1.

As a part of the business of the session of February 1, the clerk read to the council a petition signed by seven voters of the village which challenged the right of Vian "to sit on council." It was then moved and seconded that "the * * * petition be referred to a committee to be investigated, and to report at the next regular council meeting." The vote on the motion resulted in six "yeas" and no "nays" and it was declared passed. The relator admitted on the witness stand that he voted "yea" on the motion. The mayor then "appointed council as a committee of the whole to investigate the charges made against Vian, and to report at the next regular council meeting on February 15, 1938."

On the 15th of February, 1938, the next regular meeting was convened. Vian attended and answered the roll call. The clerk of the council "read recommendation of council, acting as a committee of the whole, recommending that Vian be declared ineligible to serve as councilman in Sheffield Lake Village because of insufficient term of residence." It was then moved and seconded "that the recommendation of council, acting as a committee of the whole, be concurred in as read." Upon vote, all members of the council voted yea, with the single exception of Vian, who did not vote.

The next regular meeting was held on the 1st day of March, 1938. Vian's name was not read on roll call, and, while the council was carrying on routine business, he inquired from the clerk why his name had been omitted. The mayor then "declared Vian un-seated pursuant to a motion duly made and passed at a regular council meeting on February 1, 1938," to which relator objected, but after further proceedings he relinquished his seat under protest. George S. Bryan, the defendant, was then elected by council to "fill the vacancy * * *." He qualified, assumed the duties of the office and has since been discharging the same.

**Sec. 4218, GC,** provides that:

"Each member of council shall have resided in the village one year next preceding his election, and shall be an elector therof. No member of the council shall hold any other public office or employment, except that of notary public or member of the state militia, or be interested in any contract with the village. Any member who ceases to possess any of the qualifications herein required or removes from the village shall forfeit his office."

Council, acting as a committee of the whole, found the fact to be that the relator did not possess the residential qualifications to be a councilman. This finding was made after a full hearing in the presence of the relator, who spoke and testified in his own behalf. This conclusion was approved by the council in regular session, all members voting therefor. Vian did not vote.

If said finding is not conclusive, this court has after a complete trial and the hearing of many witnesses, reached the same conclusion as did the council— to-wit, that the relator did not at the time of the election have the qualifications as to residence required for councilmen by §4218, GC, supra. The evidence is clear that he had not been a resident of Sheffield Lake Village for one year prior to said election day.

The relator's election and pretended incumbency of the office was a nullity, for the provisions of the Code (§4218), supra, are mandatory. The office which he sought was never filled, and council possessed the power to fill the office by electing the defendant·

even without bringing proceedings of ouster against the relator.

State, ex rel Shank v Gard, 8 C. C. (N.S.) 599; affirmed, State, ex rel Shank v Gard, 75 Oh St 606.

"Title to the office does not depend upon occupancy, but rather occupancy of the office depends upon the title or right to hold the office."

State ex rel Kopp v Blackburn, 132 Oh St 421, at p. 428, 8 N. E. (2d) 434, 437.

"1. Where the appointment to an office is a nullity, for the reason that the appointee is by statute ineligible to such office, a legal appointment to such office may be made, without first ousting such first appointee by proceedings in quo warranto."

State, ex rel Atty. Gen. v Craig, 69 Oh St 236.

The foregoing case was one of appointment, but the Supreme Court has applied the same principle to election cases.

State ex Kirk v Wheatley, 133 Oh St 164; 12 N. E. (2d) 491.

State ex Cox v Riffle, 132 Oh St 546; 9 N. E. (2d) 497.

State ex Kopp v Blackburn, supra.

The petition of the plaintiff will be dismissed, at the costs of the relator; and the defendant being in possession of the office, no further order is necessary.

Petition dismissed.

STEVENS, PJ. and WASHBURN, J, concur.